Matter of Alston (2019 NY Slip Op 06198)





Matter of Alston


2019 NY Slip Op 06198


Decided on August 21, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 21, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JOHN M. LEVENTHAL
SHERI S. ROMAN
ROBERT J. MILLER, JJ.


2017-09202
 (Index No. 3201/12)

[*1]In the Matter of Gloria Alston, deceased. Juan Spruill, petitioner-respondent; Joe Spruill, respondent-appellant.


Lowell B. Davis, Carle Place, N.Y., for respondent-appellant.
Levy & Nau, P.C., Brooklyn, NY (Roger A. Levy of counsel), for petitioner-respondent.



DECISION & ORDER
In a proceeding pursuant to SCPA 1001 for the administration of the estate of Gloria Alston, Joe Spruill appeals from an order of the Surrogate's Court, Kings County (Margarita Lopez Torres, S.), dated July 21, 2017. The order granted the petitioner's motion pursuant to CPLR 3126 to strike Joe Spruill's objections to the petition.
ORDERED that the order is affirmed, with costs.
The petitioner, Juan Spruill, filed a petition for letters of administration of the estate of Gloria Alston. Joe Spruill, the petitioner's father (hereinafter the appellant), filed objections to the petition. The petitioner moved pursuant to CPLR 3126 to strike the appellant's objections, based on the appellant's failure to comply with certain discovery demands and discovery orders. In the order appealed from, the Surrogate's Court granted the petitioner's motion.
"The nature and degree of a penalty to be imposed under CPLR 3126 for discovery violations is addressed to the court's discretion" (Crupi v Rashid, 157 AD3d 858, 859). Here, the appellant's willful and contumacious conduct can be inferred from his repeated failures, without an adequate excuse, to comply with discovery demands and the Surrogate's Court's discovery orders (see Abizeid v Turner Constr. Co., 172 AD3d 795; Mears v Long, 149 AD3d 823, 824). The court providently exercised its discretion in granting the petitioner's motion pursuant to CPLR 3126 to strike the appellant's objections to the petition.
AUSTIN, J.P., LEVENTHAL, ROMAN and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court